## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RAFAEL RUIZ,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0359** (BOR Appeal No. 2055630)
　　　　　　　　　(Claim No. 2019008517)

**MASTEC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

　　　　Petitioner Rafael Ruiz, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Mastec, Inc., by Counsel Jeffrey B. Brannon, filed a timely response.

　　　　The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on May 23, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its August 17, 2020, Order. The Order was affirmed by the Board of Review on April 21, 2021.

　　　　The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

　　　　The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

　　　　　　　(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

　　　　　　　(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Ruiz, a laborer, injured his lower leg as a result of an ATV rollover in the course of his employment on April 30, 2018. He was transported to Summersville Regional Medical Center where an x-ray showed a fractured distal fibular with comminution and calcaneal spurring. The Employees' and Physicians' Report of Injury, completed by Summersville Regional Medical Center on October 1, 2018, indicated Mr. Ruiz sustained a right distal fibula fracture as a result of an ATV rollover at work. The claim was held compensable for fracture of the distal shaft of the right fibula on October 25, 2018.

A November 13, 2018, treatment note from Adult and Pediatric Rehabilitation-Somerton indicated Mr. Ruiz was evaluated and was to have physical therapy twice a week for four weeks. On November 19, 2018, Tracy Watson, M.D., stated that Mr. Ruiz was unable to bear weight on his ankle unless he used crutches or a walker. Mr. Ruiz likely could not return to full duty work until February of 2019. Mr. Ruiz followed up on December 3, 2018, and reported pain and swelling in his ankle as well as numbness and stiffness in his toes. Mr. Ruiz also reported pain and weakness in his left shoulder as well as rib pain. Dr. Watson noted a possible biceps rupture and ordered an MRI. He completed a Diagnosis Update in which he listed the primary diagnosis as right ankle fracture and the secondary diagnosis as rule out biceps rupture. Mr. Ruiz was referred for additional physical therapy. In a December 3, 2018, letter, Dr. Watson stated that Mr. Ruiz was unable to work and would be reevaluated on December 31, 2018.

On December 3, 2018, the claims administrator denied Dr. Watson's request for a left upper extremity MRI because the condition was not related to the compensable injury. In a separate Order that day, the claims administrator denied Dr. Watson's request to add partial left biceps rupture to the claim on December 3, 2018. On December 3, 2018, Dr. Watson requested authorization of physical therapy twice a week for six weeks.

An April 8, 2019, treatment note from Adult and Pediatric Rehabilitation-Somerton indicated Mr. Ruiz saw increased range of motion in the ankle but still had significant pain. Dr. Nyak completed a Diagnosis Update on April 12, 2019, requesting the addition of episodic headaches, cervical subluxation, left shoulder pain, and thoracic pain to the claim. The claims administrator denied Dr. Nyak's request on April 18, 2019.

2

Mr. Ruiz returned to Dr. Watson on April 22, 2019. Dr. Watson stated that x-rays showed a well-healed fracture. He concluded that Mr. Ruiz had reached maximum medical improvement. The claims administrator suspended temporary total disability benefits on April 24, 2019. On May 23, 2019, the claims administrator closed the claim for temporary total disability benefits.

Anthony Theiler, M.D., performed an Independent Medical Evaluation on June 5, 2019, in which he noted that Mr. Ruiz was walking with a cane. Mr. Ruiz did not appear to be putting much weight on the cane but walked in an unusual way without the cane. Range of motion and strength were essentially normal. The only abnormality was pitted edema on the right lower extremity. However, the left lower extremity also had pitted edema, though less severe. Dr. Theiler found no impairment. Mr. Ruiz was granted a 0% permanent partial disability award on June 18, 2019.

Mr. Ruiz testified in a July 30, 2019, deposition that he sustained severe bruising on his head and developed severe daily headaches following the injury. He also had neck pain. Mr. Ruiz testified that he had limited left arm range of motion as well as pain in his right arm. Mr. Ruiz stated that he also had pain from the top of his back to his belt line. Mr. Ruiz underwent surgery on his left foot ten days after the compensable injury. Mr. Ruiz stated that he underwent physical therapy but still had pain and difficulty walking. Mr. Ruiz had not been able to work since the compensable injury.

In an August 5, 2019, letter, Albert Ochoa, PTA, from Adult and Pediatric Rehabilitation, stated that Mr. Ruiz had physical therapy for his right ankle. Mr. Ruiz saw improvement in strength but still had a lot of pain and swelling. Mr. Ruiz still required a cane to walk when he completed therapy. Mr. Ochoa recommended Mr. Ruiz see his physician for further testing.

A January 3, 2020, treatment note from Adult and Pediatric Rehabilitation-Somerton indicates Mr. Ruiz was seen for chronic right ankle and right shoulder pain. It was determined that Mr. Ruiz's shoulder pain was the result of his abnormal gait. It was noted that Mr. Ruiz had complicating factors in the form of high blood pressure, psychosocial stresses, prior physical therapy with minimal progress, and fear-avoidance behavior, which made his prognosis poor to fair. On January 17, 2020, it was noted that Mr. Ruiz's prognosis was fair.

In an August 17, 2020, Order, the Office of Judges affirmed the claims administrator's closure of the claim for temporary total disability benefits. It found that the status of Mr. Ruiz's temporary total disability hinged on the compensable conditions in the claim. The claim was held compensable for fracture of the distal shaft of the right fibula. The addition of other conditions to the claim, such as biceps rupture, episodic headaches, cervical spine dysfunction, left shoulder pain, and thoracic spine pain, were denied by the claims administrator and Office of Judges. The Office of Judges found that on April 22, 2019, Dr. Watson concluded that Mr. Ruiz could walk without assistive devices and had reached maximum medical improvement. Dr. Theiler also found Mr. Ruiz had reached maximum medical improvement in his June 5, 2019, evaluation. The Office of Judges noted that Mr. Ruiz submitted treatment records from Adult and Pediatric Rehabilitation-Somerton which indicated he was treated on January 3, 2020. The treatment note stated that Mr. Ruiz's abnormal gait was exacerbating his symptoms in his bilateral shoulders, right ankle, back, and hips. The Office of Judges concluded that a preponderance of the evidence showed that Mr.

3

Ruiz reached maximum medical improvement for the compensable right fibula fracture. It therefore affirmed the claims administrator's closure of the claim for temporary total disability benefits. **The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 21, 2021.**

**After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.** Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. The only compensable condition in the claim was right fibula fracture. Both Mr. Ruiz's treating physician and an independent evaluator determined that Mr. Ruiz reached maximum medical improvement for the compensable injury. Therefore, the claim was properly closed for temporary total disability benefits.

Affirmed.

**ISSUED: September 19, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn